THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 2, 1967

Honorable Robert S. Calvert          Opinion No. M-140
Comptroller of Public Accounts
Austin, Texas                        Re:  Construction of House Bill
                                          143, Acts of the 60th Legis-
                                          lature, Regular Session,
                                          Chapter 447, and House Bill
                                          144, Acts of the 60th Legis-
                                          lature, Regular Session,
                                          1967, Chapter 448, amending
                                          Title 122A, Taxation General,
                                          as they relate to refunds of
Dear Mr. Calvert:                         overpayment of taxes.

        Your request for an opinion poses the following ques-
tion:

        "Please advise whether or not the
    Comptroller may refund an overpayment
    of tax (other than Limited Sales, Ex-
    cise and Use Tax) made prior to July
    1, 1967, in those instances wherein
    the Comptroller has determined that
    such overpayment was through a mis-
    take of law or fact."

        Article 1.11A of Title 122A, Taxation General, as added
by House Bill 143, Acts of the 60th Legislature, Regular Session,
1967, Chapter 447, provides in part:

        "When the Comptroller deter-
    mines that any person, firm or cor-
    poration has through mistake of law
    or fact overpaid the amount due the
    State on any tax collected or admini-
    stered by the Comptroller, the Comp-
    troller may refund such overpayment
    by warrant on the State Treasury from
    any funds appropriated for such pur-
    pose."

        Paragraph A of Article 1.045, Title 122A, Taxation
General, as added by House Bill 144, Acts of the 60th Legislature,

Regular Session, 1967, Chapter 448 provides:

"Limitation. Except where a shorter period of time is provided in this Title, the Comptroller shall assess any tax imposed by this Title within seven (7) years from the date such tax is due and payable, and the Comptroller may bring an action in the courts of this State, or of any other state, or of the United States within seven (7) years from the date such tax is due and payable to collect the amount delinquent together with penalties and interest. No action may be commenced to collect taxes imposed by this Title after seven (7) years (or such other shorter period of time as may be provided in this Title) from the date such tax is due and payable, provided that:

"'(1) In the case of a false or fraudulent return with intent to evade the tax; or

"'(2) In the case of failure to file a return; or

"'(3) In the case of gross error in information reported in a return that would increase the amount of tax payable by twenty-five percent (25%) or more; the tax may be assessed and collected, or a proceeding in any court for the collection of such a tax may be begun without assessment, at any time.'"

Paragraph D of Article 1.045 provides:

"'Beginning of Period. The "date such tax is due and payable" as used in this Article, for purposes of any tax imposed by this Title, shall mean the day after the due date of the tax payment as prescribed by the Article of this Title imposing such tax, provided, however, that with respect to any tax, other than the Limited Sales, Excise and Use Tax, required to be paid by this Title prior to the effective date of this Article, such term shall mean September 1, 1965.'"

Paragraph G of Article 1.045 provides:

"'Limitation for Refunds and Credits. Notwithstanding any provision of this Title, the period of time during which the Comptroller may refund any overpayment of tax or issue a credit for overpayment of any tax imposed by this Title shall not expire prior to the expiration of the period of time within which the Comptroller may assess a deficiency with respect to such tax. The Comptroller shall not issue any such refund or credit after the time for assessment of a deficiency has expired unless such tax was paid under protest and such refund or credit is made under court order.'"

The effective date of House Bill 144, adding Article 1.045, is stated in Section 3 to be July 1, 1967.

Section 44 of Article III of the Constitution of Texas prohibits the Legislature from granting by appropriation or otherwise any amount of money out of the Treasury of the State to any individual on a claim real or pretended when the same shall not have been provided for by pre-existing law. Both common law and statutory right constitute pre-existing law within the meaning of Section 44 of Article III of the Constitution of Texas. Austin National Bank vs. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934); Fort Worth Calvary Club vs. Sheppard, 125 Tex. 339, 83 S.W.2d 660; State vs. Connecticut General Life Insurance Co., 382 S.W.2d 745 (Tex.Sup. 1964). Thus, taxes paid under a mistake of fact as well as those paid under duress, either express or implied, establish a claim against the State for a refund of such taxes if such payment constitutes either the overpayment of a legal tax or the payment of an illegal tax. However, taxes voluntarily paid under a mistake of law and in the absence of duress, either express or implied, cannot be refunded.

Prior to the enactment of the above quoted Articles, claims for refund had to be presented to the Claims Committee of either the House of Representatives or the Senate and appropriation made therefor before the Comptroller was authorized to issue a warrant. Articles 1.11A and 1.045, Title 122A, Taxation General, now authorize the Comptroller to pass upon the validity of claims for refunds of taxes and issue warrants in payment thereof without the necessity of presenting such claims to the Legislature. Neither Article 1.11A nor Article 1.045, therefore, validates or invalidates any claim for refund of taxes. Such Articles merely constitute statutory authorization for the Comptroller to pass upon the validity of claims and issue warrants in payment of those claims which are supported by pre-

existing law. In other words, the time elements prescribed in Article 1.045 are merely limitations prescribing the time within which the Comptroller may pass upon such claims and make refunds and does not affect in any manner the validity of any claim for a refund.

You are therefore advised that the Comptroller may, within the limitation period provided in Article 1.045, refund an overpayment of those taxes made prior to July 1, 1967, in those instances wherein the Comptroller has determined that such payment was made through a mistake of fact or was paid under a mistake of law under duress, either express or implied, under the principles of law announced in State vs. Connecticut General Life Insurance Co., supra.

## S U M M A R Y

Articles 1.11A and 1.045, Title 122A Taxation General, now authorize the Comptroller, within the limitation period provided in Article 1.045, to pass upon the validity of claims for refunds of taxes paid prior to July 1, 1967, and issue warrants in payment of those claims which are supported by pre-existing law, viz. taxes paid under a mistake of fact or taxes paid under a mistake of law under duress, either express or implied.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Jack Goodman
Arthur Sandlin

A. J. CARUBBI, JR.
Staff Legal Assistant